

Dated: July 13 2023

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-31680 |
| | ) | |
| Joseph L. Mason and | ) | Chapter 13 |
| Melissa A. Mason, | ) | |
| | ) | |
| Debtors. | ) | Judge John. P. Gustafson |

### MEMORANDUM AND ORDER DENYING OBJECTION TO CLAIM

This matter comes before the court upon Debtors Joseph L. Mason and Melissa A. Mason's *Objection to Claim Number 37*. [Doc. #46].

On November 1, 2022, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. [Doc. #1]. On January 11, 2023, Creditor U.S. Department of Education filed a proof of claim. [No. 22-31680, Claim No. 37-1]. On May 23, 2023, Debtors objected to Creditor's proof of claim. [Doc. #46]. The sole basis of the objection is that the debt is being paid directly by a co-debtor, and not by the Chapter 13 Trustee.

There has been no response from Creditor within the time required and the matter is before the court for a decision. Despite the lack of a response, Debtors' objection must be overruled.

"A creditor . . . may file a proof of claim." 11 U.S.C. §501(a). A claim, proof of which is filed under §501, is deemed allowed, unless a party in interest objects. 11 U.S.C. §502(a). A Chapter 13 debtor may object to a claim as a party in interest. 4 Collier on Bankruptcy ¶502.02[2][c] (Richard Levin & Henry J. Sommer eds., 16th ed.). If an objection is filed, the court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount" unless an enumerated exception applies. *See,* 11 U.S.C. §502(b). "Thus, an objection to proof of claim can only be properly addressed to three questions: the validity of the debt; whether the debt falls within a finite list of reasons for which the claim may be denied; or the amount due to the creditor as of the petition date." *In re Diehl*, 2018 WL 2670489 at *1, 2018 Bankr. LEXIS 1625 at *2 (Bankr. N.D. Ohio June 1, 2018)(footnote omitted). "If an 'objection' to a claim has some other basis, it is not a claim objection within the scope of §502. It may well be something else, but it is not an objection to a claim." *In re Sensibaugh*, 2015 WL 4664441 at *1, 2015 Bankr. LEXIS 2646 at *2 (Bankr. N.D. Ind. July 21, 2015); *accord In re Brown*, 2015 WL 6394920 at *1, 2015 Bankr. LEXIS 3585 at *2 (Bankr. N.D. Ind. Sept. 18, 2015).

Here, Debtors object to Creditor's claim because the claim will be paid directly by a co-debtor "outside the plan." Thus, it appears Debtors' objection does not implicate §502(b). Not only does the objection fall outside §502(b), but the objection fails to consider the distinction between "determining claims—what, if anything, was due as of the date of the petition—with the mechanics of paying or satisfying them." *In re Brown*, 2015 WL 6394920 at *1, 2015 Bankr. LEXIS 3585 at *3.

Payment of a debt directly, or "outside" the plan, does not warrant disallowance. "Although such payment is commonly and colloquially referred to as being 'outside' the plan, that

2

22-31680-jpg    Doc 55    FILED 07/13/23    ENTERED 07/13/23 15:28:30    Page 2 of 3

terminology is misleading, as the claim nevertheless remains one that is being treated by, and paid according to the terms of, the plan." *In re Dawson*, 444 B.R. 688, 690 (Bankr. E.D. Va. 1998). Accordingly, the mechanism for the payment of a claim does not "impact the validity of Creditor's claim." *In re Diehl*, 2018 WL 2670489 at *1, 2018 Bankr. LEXIS 1625 at *3. Indeed, courts have overruled objections to claims based on similar facts. *See e.g., id.* (overruling debtor's objection based on debtor directly paying creditor rather than through the trustee); *In re Brown*, 2015 WL 6394920 at *1, 2015 Bankr. LEXIS 3585 at *3 (overruling trustee's objection to deficiency claim after the confirmed plan surrendered the collateral in full satisfaction of the debt thus not entitling creditor to a deficiency); *In re Lawson*, 2015 Bankr. LEXIS 3584 at *1 (Bankr. N.D. Ind. Sept. 18, 2015)(same); *In re Dawson*, 444 B.R. at 690 (overruling trustee's objection because "[t]he sole basis of the objection is that the claim is to be paid directly by the debtor outside the plan"); *In re Sensibaugh*, 2015 WL 4664441 at *1, 2015 Bankr. LEXIS 2646 at *1 (overruling objection to claim after the trustee paid approximately half of the debt and a third party paid the remaining balance of the debt).

In sum, Debtors' objection falls outside of §502(b). Debtors' objection is based on the mechanism for the payment of a claim. However, the mechanics of paying a claim does not impact allowance or disallowance of the claim. Therefore, Debtors' objection will be overruled.

For the reasons above, Debtors' *Objection to Claim Number 37* [Doc. #46] of the U.S. Department of Education be, and hereby is, **OVERRULED**.

**IT IS SO ORDERED.**